UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY | § § § | |
| vs. | § § § | CIVIL ACTION NO. 3:07-CV-0924-O ECF |
| AFS/IBEX FINANCIAL SERVICES, INC. | § | |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff/Counter-Defendant, Great American Insurance Company, would move the Court in limine, before trial and selection of the jury, to respectfully request the Court to instruct Defendant, counsel for Defendant, and through such counsel, any and all witnesses called or questioned by Defendant or its attorneys before the Court, to refrain from making any mention or interrogation, either directly or indirectly, in any manner whatsoever, either during voir dire or during trial, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters set forth in this motion.

Great American would show the Court that the matters set forth in this motion would be inadmissible for any purpose on proper and timely objection in that they have no bearing on the issues in the case or the rights of the parties to this suit. Permitting interrogation of the witnesses, commenting to jurors or perspective jurors, or offering evidence concerning the matters in this motion would prejudice the jury, and sustaining objections to such questions, comments or offers would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jurors. Great American would request that the following matters be set forth inadmissible in limine in this matter:

1.

AFS' bad faith expert, Rebecca Furr, should be precluded from testifying as her testimony would not be admissible under Rule 702 and 703 of the Federal Rules of Evidence.

2.

The amended report of Rebecca Furr should not be admitted into evidence, since it is inadmissible, and because it has never been provided to Great American.

3.

Any evidence of McMahon Sr. not specifically authorizing the fraudulent acts of his son in question should not be admitted, since such would be irrelevant since McMahon Jr. was authorized to endorse checks payable to his father's business, as the checks in this case were.

4.

Any conduct of Great American after the claim was denied would not be admissible, so that any such evidence should not come in at the trial of this matter.

5.

Any evidence of other fees and expenses being incurred by AFS to recover against the bank and the McMahons in another lawsuit, should not be admitted, since such would not be recoverable, nor has such been disclosed to Great American in discovery.

6.

Any evidence of "economic loss" sustained by AFS should not be admitted, since such would not be recoverable, nor has such been disclosed to Great American in discovery.

7.

Because the issue of coverage provided by the insurance policy is a question of law for the

Court to decide, AFS should be precluded from making any statements to the jury or propounding any questions to any witnesses relating to what the insurance policy involved in this lawsuit does or does not cover or what the legal effect of the contractual provisions should or should not be.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Court to instruct Defendant and its counsel not to mention, refer to, or interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the facts mentioned above, without first obtaining permission of the Court outside the presence and hearing of the jury and to instruct Defendant to warn and caution each and every one of Defendant's witnesses to strictly follow the same instructions.

Respectfully submitted,

*Russell J. Bowman*
Russell J. Bowman
Texas State Bar No. 02751550
3131 McKinney Avenue, Suite 220
Dallas, Texas 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF CONFERENCE

This is to certify that I have attempted to reach agreement with counsel for Defendant regarding this motion. Counsel advised this motion is opposed, such that a ruling by the Court on the motion will be necessary.

_____
Russell J. Bowman

CERTIFICATE OF SERVICE

This is to certify that on July 4, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Linda M. Dedman.

I hereby certify that I have served a true and correct copy of the foregoing document by mailing a copy upon the following, as indicated below, on this the 4th day of July, 2008:

Ms. Linda M. Dedman                                          VIA HAND DELIVERY
790 PREMIER PLACE
5910 North Central Expressway
Dallas, Texas 75206

_____
Russell J. Bowman