UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

§
AFS/IBEX FINANCIAL SERVICES, INC. §
§
vs.                                 §        CIVIL ACTION NO. 3-07CV0924-O
                                    §               ECF
                                    §
GREAT AMERICAN INSURANCE            §
COMPANY                             §
                                    §

## COURT'S AGREED CHARGE TO THE JURY

### AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 1
### PRELIMINARY INSTRUCTIONS
### MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact. As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence. After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, one or more of the parties may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions. Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memories and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony. Even though the Court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case - the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial, but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction 1.1 (1999).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 2
## EVIDENCE IN THE CASE

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts that may have been judicially noticed, and which I will instruct you to take as true for the purposes of the case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you on a television set from a video-tape player. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The court may take judicial notice of certain facts or events. When the court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Any evidence as to which an objection is sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts that you find have been proved, such reasonable inferences that you feel are justified in the light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: K. O'Malley, J. Grenig, W. Lee, <u>3 Federal Jury Practice and Instructions</u> § 101.40 (5th ed. 2000).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 3
## CAUTIONARY INSTRUCTION:
## FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction 2.1 (1999).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 4
### <u>OBJECTIONS AND RULINGS</u>

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believes are not properly admissible under the rules of law. Only by raising an objection can an attorney request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide the case. I am simply making a ruling on a legal question.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: K. O'Malley, J. Grenig, & W.Lee, <u>3 Federal Jury Practice &
Instructions</u> §104.10 (5th ed. 2000)**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 5
## CREDIBILITY OF WITNESSES – DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mistaken recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witnesses in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Adapted from J. Devitt, C. Blackmar, M. Wolff & O'Malley, <u>3 Federal Jury Practice and Instructions</u> § 73.01 (1992).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 6
## <u>CONSIDERATION OF THE EVIDENCE</u>

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.18 (1999).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 7
## <u>BURDEN OF PROOF</u>

In this case, the party having the burden of proof must prove every essential part of their claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the party having the burden of proof's claim is more likely true than not true. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of a claim by the party having the burden of proof on that claim, you should find for against that party as to that claim.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Civil Cases, Instruction No. 2.20 (1999).**

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 8
## PRODUCING CAUSE-DEFINITION

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the damages, if any. There may be more than one producing cause.

Accepted _____

Refused _____

Accepted as modified: _____

## AFS/IBEX'S PROPOSED JURY INSTRUCTION NO. 9
## <u>PROXMATE CAUSE-DEFINTION</u>

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result. There may be more than one proximate cause of an event.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: PJC 110.14.**

## GREAT AMERICAN'S
## COURT'S CHARGE TO THE JURY

### MEMBERS OF THE JURY:

Now that you have heard the evidence, it is my duty to instruct you as to the law that is applicable to this case. I will instruct you on the law that you should apply in answering certain questions of fact, which I will read to you shortly.

The attorneys then will have the opportunity to make their closing arguments. You are instructed that the statements and arguments of counsel are not evidence. They are intended only to assist the jury in understanding the evidence and the contentions of the parties to this suit. After the attorneys make their closing arguments, I will give you some additional instructions, after which you will retire to commence your deliberations.

In arriving at your verdict, it is your duty to follow the rules of law which I give to you and find the facts of this case from the evidence introduced at trial and in accordance with these rules of law.

Throughout these instructions, I will refer to Great American Insurance Company as "Great American". I will refer to AFS/IBEX Financial Services, Inc. As "AFS/IBEX."

You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the Court to rule on those objections in accordance with the law. Nothing in these instructions or anything said or done by the Court during trial is, or was, made for the purpose of suggesting to you what verdict I think you should find. Remember at all time that you are the sole and exclusive judges of the facts.

You will recall that during the course of this trial, I instructed you that I admitted certain testimony and certain exhibits for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted.

It is the function of the jury to determine the credibility of each witness and to determine the weight to be given the witness's testimony. Consider all of the circumstances under which the witness testified, the interest, if any, the witness has in the outcome of this case, the witness's appearance and demeanor while on the witness stand, the witness's apparent candor and fairness, of lack thereof, the reasonableness or unreasonableness of the witness's testimony, and the extent to which the witness is contradicted or supported by other credible evidence. You will rely on your own good judgment and common sense in considering the evidence and determining the weight to given be given it.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe that witness and have considered all the other evidence.

A witness may be discredited, or "impeached," by contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the present testimony of that witness. If you believe that any witness has been impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves. On the other hand, you may conclude that a witness simply made a mistake which should not detract from his or her testimony.

Generally speaking, there are two types of evidence a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances which points to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts from the evidence, both direct and circumstantial.

You are not to consider as evidence any testimony or documents to which the Court sustained objections and ruled inadmissible. While you should consider only the evidence admitted in the case, you are permitted to draw reasonable inferences and deductions from the evidence. The expression "to draw an inference" means to find that a fact exists based upon proof of another fact. An inference may be drawn only if it is reasonable and logical, not if it is speculative. Therefore, in deciding whether to draw an inference, you must consider all the facts in light of reason, common sense and experience. After you have done that, the question whether to draw a particular inference is for you to decide.

Certain exhibits are illustrations, known as demonstrative evidence. They are descriptions, pictures or models which describe something involved in this trial. If you recollection of the evidence differs from the demonstrative evidence, rely on your recollection.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you throughout this trial. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witnesses had been present and had testified from the witness stand in court.

Do not let bias, prejudice or sympathy play any part in your deliberations. The parties to this litigation must be treated exactly alike insofar as their rights are concerned.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his

or her independent recollection of the evidence. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

AFS/IBEX has the burden of proof by a preponderance of the evidence unless I instruct you otherwise. Preponderance of the evidence simply means evidence that persuades you that a claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.   If the proof fails to establish any essential part of AFS/IBEX's claim by a preponderance of the evidence, you should find for Great American as to that claim.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.   Authority: TPJC 110.2 comments "Parallel Theories of Recovery"

Accepted _____

Refused _____

Accepted as modified: _____

## STIPULATED FACTS

The Parties have stipulated to the following facts, which you are to accept as true for the purpose of this trial.

(1)     AFS/IBEX provides premium financing in the property and casualty insurance industry.

(2)     Charles McMahon, Sr. ("McMahon Sr.") conducted business as Charlie McMahon Insurance Agency.

(3)     Charles McMahon, Sr.'s son, Charles McMahon, Jr. ("McMahon, Jr.") was an insurance agent from 1996 until he surrendered his license in September or October of 2006.

(4)     McMahon Jr. submitted applications for insurance where he signed for purported insureds, but in fact the transactions were fraudulent and not legitimate.

(5)     McMahon, Jr. submitted the false applications to cause AFS/IBEX to issue checks for the premium financing.

(6)     AFS/IBEX issued checks based on the applications submitted, issuing 127 checks payable to "Charles McMahon Insurance Agency".

(7)     As a result of his actions, McMahon Jr. was convicted of two counts of mail fraud in No. 3-07CR0248-D, *United States of America v. Charles Owen McMahon, Jr.*, filed in the Northern District of Texas, Dallas Division.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION 10
### BREACH OF CONTRACT CLAIM

In this case AFS/IBEX sought to recover as an insured on its Crime Insurance Policy, issued by Great American Insurance Company for losses due to forgery of certain checks drawn on its bank account. AFS/IBEX sustained losses from checks it made payable to Charles McMahon Insurance Agency. It made a claim for insurance coverage with Great American, its commercial crime insurance carrier. You are instructed that this Court has ruled that Great American Insurance Company breached its crime insurance policy with AFS/IBEX when it refused to pay AFS/IBEX's claim under the forgery/alteration insuring agreements of policy numbers CRP 268-75-98-02 and SAA 268-75-98-03. You must not consider whether coverage existed under these policies as I have already decided that question. The parties have stipulated that because of this breach of the insurance contracts between AFS/IBEX, and Great American's failure to pay this claim that Great American owes AFS/IBEX the sum of $469,110.58, which is sum of the covered loss to AFS/IBEX for the forgery of its checks.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Court's July 21, 2008 Memorandum Opinion and Order Docket No. 95**

## Great American's Objection to
## AFS/IBEX's Requested Breach of Contract Instruction

**Great American's Objection(s) to requested instruction:**   The instruction is completely improper.  The summary judgment ruling by the court is not a final order. That order will be appealed by Great American, once judgment is rendered in the case so Great American can file its appeal.  Further, the instruction would be a comment on the weight of the evidence and would be prejudicial as to the unfair claims settlement questions, since whether an insurer committed unfair practices in denying a claim is based on the facts before the insurer at the time of the denial. *Viles v. Security National Insurance Company*, 788 S.W.2d 566, 567 (Tex. 1990); *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998).  The post denial summary judgment ruling by the trial court would be inadmissible, and such not be mentioned.  Further, no instruction is needed because based on the court's summary judgment ruling, the amount of damages being sought are stipulated, so that they are either covered or not covered under the policy, which is a legal issue for the court.  Therefore, the instruction is improper and not necessary.

**Great American's requested instruction: None.**


**AFS/IBEX's Response:**  If the Fifth Circuit reversed with respect to coverage it would also reverse the bad faith award.  The reason we are having a trial on bad faith is that Great American did not pay a covered claim.  Great American can request an instruction about its right to litigate and its right to appeal but to keeping the jury in the dark about the appeal is unwarranted.  *See also* pages four through seven of AFS/IBEX's opposition to Great American's motion in limine (Docket No. 96).

Accepted _____

Refused _____

Accepted as modified: _____

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## UNFAIR OR DECEPTIVE ACTS OR PRACTICES QUESTION 11

Did Great American engage in any unfair or deceptive act or practice that caused damages to AFS/IBEX?

"Unfair Claim Settlement Practice" means any of the following:

(a)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear, or

(c)    Failing to provide promptly to AFS/IBEX a reasonable explanation of the factual and legal basis in the policy for an insurer's denial of the claim, or

(d)    Failing to affirm or deny coverage of a claim within a reasonable time, or

(e)    Refusing, failing to make or unreasonably delaying a settlement offer under AFS/IBEX's policy, because other coverage may have been available, or because other parties may be responsible for the damages AFS/IBEX suffered, or

(g)    Refusing to pay a claim without conducting a reasonable investigation of the claim, or

(h)    Delaying or refusing to settle AFS/IBEX's claim solely because there was other insurance available to satisfy all or any part of the loss that formed the basis of its claim.

(i)    Misrepresenting to a claimant a material fact or policy provision relating to coverage.

Answer:_____
Answer "Yes" or "No".

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Texas PJC 102.14, 102.18 (modified to conform to facts of case), Tex. Ins. Code § 541.060.**

**Great American's Objections:** Great American objects to Subpart (e) of the question, as it is not in compliance with PJC 102.18. Under that question, the subpart (e) should state "refusing failing or unreasonably delaying a settlement offer", not "refusing failing to make" as AFS has in its proposed question.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## INSURANCE CODE DAMAGES QUESTION 12

If you answered Question No. 1 "Yes", then answer the following question. Otherwise, do not answer the following question and proceed to question 15.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AFS/IBEX for its damages, if any, that were caused by such unfair or deceptive act or practice as listed in Questions No. 1?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other.

Answer in dollars and cents for damages, if any:

(a) The net amount of loss sustained by AFS/IBEX that is recoverable under the insurance agreement.

Answer: $_____

(b) The expenses, other than attorneys fees, AFS/IBEX incurred in attempting to recover from Chase Bank, its losses due to the forgery of its checks.

Answer: $_____

**Great American's Objection(s) to requested instruction:**

Great American objects that this question does not contain any damage items that are recoverable under Texas law. See *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006); *Travelers Indemnity Company of Connecticut v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *Caesar v. Bohacek*, 176 S.W.3d 282, 285-86 (Tex.App. - Houston [1st Dist.] 2004, no pet.); *Avco Corporation v. Interstate Southwest, Ltd.*, 251 S.W.3d 632, 657-662 (Tex.App. - Houston [14th Dist.] 2007, no pet.); *Houghton v. Wholesale Electronic Supply*, 435 S.W.2d 216, 220 (Tex.Civ.App. - Waco 1968, writ ref'd n.r.e.); *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 563 (Tex.App. - Corpus Christi 1995, writ denied); *Richards v. Mena*, 907 S.W.2d 566, 571 (Tex.App. - Corpus Christi 1995, writ dism'd by agr.); *Shenandoah Associates v. J & K Properties, Inc.*, 741 S.W.2d 470, 486-88 (Tex.App. - Dallas1987, writ denied); *King v. Acker*, 725 S.W.2d 750, 755 (Tex.App - Houston [1st Dist.] 1987, no writ). This question is improper and unnecessary, since any positive finding by the jury would not result in a judgment for AFS/IBEX. Further, the form of AFS' question requires the jury to determine coverage,

which is a matter of law for the court.

**Great American's requested instruction:** None.

**AFS/IBEX's Response:** None.

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: PJC 110.13 In cases brought under the Insurance Code, the phrase unfair or deceptive acts or practices should be used instead of the phrase false, misleading, or deceptive acts or practices in the above question. See Tex. Ins. Code § 541.162(a)(2).**

## GREAT AMERICAN'S INSURANCE CODE DAMAGES QUESTION

If you answered Question No. ___ "Yes", then answer the following question. Otherwise, do not answer the following question and proceed to the next question.

QUESTION NO. `:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AFS/IBEX for its damages, if any, that resulted from any such conduct found by you in answer to Questions No. ___, or ___ ?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer in dollars and cents for damages, if any:

**Net loss of money taken from AFS/IBEX by McMahon Jr. $**

Loss resulting from AFS/IBEX's effort to recover the loss from JP Morgan Chase Bank, Charles McMahon Insurance Agency, and Charles McMahon Jr. $_____

Accepted _____

Refused _____

Accepted as modified: _____

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## <u>KNOWING CONDUCT QUESTION 13</u>

Did Great American engage in any unfair or deceptive act or practice knowingly?

"Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to AFS/IBEX.

Answer:_____

 Answer "Yes" or "No".

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Tex. Ins. Code §542.002 (1); TPJC 102.21; the introductory instruction tracks the statutory language of §541.060**

### AFS/IBEX'S PROPOSED JURY INSTRUCTION
### UNCONSCIONABLE ACTION OR COURSE OF ACTION QUESTION 14

**Did Great American engage in any unconscionable action or course of action that**

**was a producing cause of damages to AFS/IBEX?**

**An "unconscionable action or course of action" is an act or practice that, to a**

**person's detriment, takes advantage of the lack of knowledge, ability, experience, or**

**capacity of a person to a grossly unfair degree.**

Answer: _____

    Answer "Yes" or "No."

**Great American's Objection(s) to requested instruction:**    Great American objects to
the unconscionable action questions on the basis that such cause of action has not been
pled by AFS.

**Great American's Proposed Instruction:** None.

**AFS/IBEX's Response** : See First Amended Petition section C, pages 15-17 (Docket No.
17).

Accepted _____

Refused _____

Accepted as modified: _____

If you have answered Question No. 14 "Yes", then answer Question No.15.  Otherwise do not answer Question No. 15 and proceed to Question No. 16.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION QUESTION 15

**Did Great American knowingly engage in an unconscionable action or course of action that was a producing cause of damage to AFS/IBEX?**

**"Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness.**

Answer "YES" or "NO"

Answer:_____

**Great American's Objection(s) to requested instruction:**    Great American objects to the unconscionable action questions stating that such cause of action has not been pled by AFS.

**Great American's Proposed Instruction**: None

**AFS/IBEX's Response**: See First Amended Petition section C, pages 15-17 (Docket No. 17).

**Authority: PJC-102.70**
If you have answered "Yes" to either Question No.13 or 15, then answer Question No. 16.  Otherwise do not answer Question No. 16.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## QUESTION 16

What sum of money, if any, in addition to actual damages, should be awarded to AFS/IBEX against Great American because Great American's conduct was committed knowingly?

"Additional damages" means damages that you may in your discretion, as a penalty or by way of punishment, in addition to any amount you may have found as actual damages.

Factors to consider to awarding any additional damages, if any, are-

        a.      The nature of the wrong.

        b.      The character of the conduct involved.

        c.      The degree of culpability of Great American.

        d.      The situation and sensibilities of the parties concerned.

        e.      The extent to which such conduct offends a public sense of justice and propriety.

        f.      The net worth of Great American.

Answer in dollars and cents, if any.

Answer:$_____

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Texas Pattern Jury Instruction 110.34. Authority: Tex. Ins. Code §
541.002(1); Tex. Pattern Jury Charge 102.21.** The Insurance Code allows the jury to award up
to three times the plaintiff's actual damages if the defendant acted "knowingly." Tex. Ins. Code §
541.152(b).

**Great American's Objections:** This question is duplicative of a prior question so that it
is repetitive and unnecessary.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## GOOD FAITH AND FAIR DEALING DAMAGES QUESTION 18

**The parties are in agreement as to the good faith and fair dealing damages question, which is as follows:**

If you answered Question No. ____ "Yes", then answer the following question. Otherwise, do not answer this question and proceed to Question No. ____.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AFS/IBEX for damages, if any which resulted from the breach of its duty of good faith and fair dealing by Great American.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AFS/IBEX for their damages, if any, that were proximately caused by such conduct?

You are instructed that the forgery to AFS/IBEX's checks was a covered loss under the policies of insurance issued to AFS/IBEX by Great American.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other.

Answer in dollars and cents for damages, if any, that---

(a)     The net amount of loss sustained by AFS/IBEX that is recoverable under the insurance agreement.

Answer: $_____

(b)     Past recovery cost, if any, that was a natural, probable, and foreseeable consequence of Great American's failure to comply with the terms of the insurance agreement.

Answer: $_____

If you have answered "Yes" to Question _____ [*applicable liability question*], and you have inserted a sum of money in answer to Question _____ [*applicable damages question*], then answer the following question. Otherwise, do not answer the following question.

## Great American's Objection to
## AFS/IBEX's Requested Good Faith and Fair Dealing Damages Instruction

**Great American's Objection(s) to requested instruction:** The instruction is completely improper. The summary judgment ruling by the court is not a final order. That order will be appealed by Great American, once judgment is rendered in the case so Great American can file its appeal. Further, the instruction would be a comment on the weight of the evidence and would be prejudicial as to the unfair claims settlement questions, since whether an insurer committed unfair practices in denying a claim is based on the facts before the insurer at the time of the denial. *Viles v. Security National Insurance Company*, 788 S.W.2d 566, 567 (Tex. 1990); *Provident American Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998). The post denial summary judgment ruling by the trial court would be inadmissible, and such not be mentioned. Further, no instruction is needed because based on the court's summary judgment ruling, the amount of damages being sought are stipulated, so that they are either covered or not covered under the policy, which is a legal issue for the court. Therefore, the instruction, and the damages question which follows, are not necessary. Further, the part of the question stating that forgery is covered under the policy deviates from PJC 103.1, and should not be included.

**Great American's requested instruction: None.**

**AFS/IBEX's Response:** If the Fifth Circuit reversed with respect to coverage it would also reverse the bad faith award. The reason we are having a trial on bad faith is that Great American did not pay a covered claim. Great American can request an instruction about its right to litigate and its right to appeal but keeping the jury in the dark about the appeal is unwarranted. *See also* pages four through seven of AFS/IBEX's opposition to Great American's motion in limine (Docket No. 96).

Accepted _____

Refused _____

Accepted as modified: _____

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## GOOD FAITH AND FAIR DEALING EXEMPLARY DAMAGES LIABILITY
## QUESTION 19

Do you find by clear and convincing evidence that the harm to AFS/IBEX

resulted from malice attributable to Great American Insurance Company?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

      (a)    a specific intent by Great American Insurance Company to cause substantial injury to AFS/IBEX; or

      (b)    an act or omission by Great American Insurance Company,

            (i)    which when viewed objectively from the standpoint of Great American Insurance Company at the time of this occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

            (ii)    of which Great American Insurance Company has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that malice may be attributable to Great American Insurance Company because of an act by Richard Searcy if, but only if—

      a.    Great American Insurance Company authorized the doing and the manner of the act, or

      b.    Richard Searcy was unfit and Great American Insurance Company was reckless in employing him, or

      c.    Richard Searcy was employed as a director of Great American Insurance Company and was acting in the scope of employment, or

      d.    William Marston of Great American Insurance Company ratified or approved the act.

Answer "Yes" or "No."

Answer: _____

Accepted _____

Refused _____

Accepted as modified: _____

**Authority:** PJC 110.35. If the issue is the vicarious liability of one for another's conduct, see *Celtic Life Insurance Co. v. Coats*, 885 S.W.2d 96, 98–99 (Tex. 1994); *RoyalGlobe Insurance Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 693–95 (Tex. 1979) (discussing principal's liability for acts of agent in DTPA and Insurance Code case); and *Southwestern Bell Telephone Co. v. Wilson*, 768 S.W.2d 755, 759 (Tex. App.—Corpus Christi 1988, writ denied) (company liable for unreasonable collection efforts of outside attorneys that "were committed for the purpose of accomplishing the mission entrusted to the attorneys").

**Great American's Objections:** AFS' proposed question does not follow the form required by PJC 110.33 and 110.35. If the court submits this question, it should be in the form required by PJC 110.33, 110.34 and 110.35.

## GREAT AMERICAN'S EXEMPLARY DAMAGES LIABILITY QUESTIONS

QUESTION NO. ____:

Did you find that Great American was actually aware that its actions involved a high degree of probability of financial ruin to Plaintiff?

Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

Answer "Yes" or "No".

Answer:_____

Authority:    *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 57 (Tex. 1997);
              *Transportation Insurance Company v. Moriel*, 879 S.W.2d 10, 24 (Tex. 1994).

If you answered Question No. ___ "Yes", then answer the following question. Otherwise, do not answer the following question. To answer "Yes" to the following question, your answer must be unanimous.

QUESTION NO. _____:

Do you find by clear and convincing evidence that the harm to AFS/IBEX resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.
"Malice" means a specific intent by Great American to cause substantial injury to AFS/IBEX.

Answer "Yes" or "No"

Answer:

Authority: Texas PJC 110.33B; Tex. Civ. Prac. & Rem. Code § 41.003.

AFS/IBEX's objection to Great American's proposed question:
It does not have the unanimity requirement as noted in the Texas PJC 110.33B; Tex. Civ. Prac. & Rem. Code § 41.003(d). It has no instruction on gross negligence.

Answer the following question only if you unanimously answered "Yes" to Question 19. Otherwise, do not answer the following question.

## AFS/IBEX'S PROPOSED JURY INSTRUCTION
## GOOD FAITH AND FAIR DEALING EXEMPLARY DAMAGES QUESTION 20

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against Great

American Insurance Company and awarded to AFS/IBEX as exemplary damages, if any,

for the conduct found in response to Question 18?

> "Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are—

    a.    The nature of the wrong.

    b.    The character of the conduct involved.

    c.    The degree of culpability of Great American Insurance Company.

    d.    The situation and sensibilities of the parties concerned.

    e.    The extent to which such conduct offends a public sense of justice and propriety.

    f.    The net worth of Great American Insurance Company.

Answer in dollars and cents, if any.

Answer: $_____

Accepted: Yes

Refused _____

Accepted as modified: _____

## Authority: PJC. 110.34

## PROMPT PAYMENT OF CLAIMS QUESTION 21-23

Did Great American "acknowledge receipt of the claim" not later than the 15th day after it received notice of the claim?

      Answer yes or no.

      Answer: _____

QUESTION NO. ____

Did Great American "commence any investigation of the claim" not later than the 15th day after it received notice of the claim?

      Answer yes or no.

      Answer: _____

QUESTION NO. ____

Did Great American "request from the claimant all items, statements and forms that the insurer reasonably believes, at that time, will be required from the claimant" not later than the 15th day after it received notice of the claim?

      Answer yes or no.

      Answer: _____

QUESTION NO. ____

Did Great American, within 15 business days after receiving all items, statements and forms required by it to secure final proof of loss, notify AFS/IBEX in writing of the acceptance or rejection of the claim?

      Answer yes or no.

      Answer: _____

Accepted _____

Refused _____

Accepted as modified: _____

**Authority: Tex. Ins. Code §542.055; Texas PJC 100.3**

## CLOSING PART OF THE CHARGE

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror --

1.    To preside during your deliberations,

2.    To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3.    To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge,

4.    To vote on the questions,

5.    To write your answer to the questions in the spaces provided, and

6.    To certify to your verdict in the space provided for the presiding juror's signature.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror, you will inform the marshal at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____

JUDGE UNITED STATES DISTRICT

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror

Accepted: YES

Refused _____

Accepted as modified: _____

Respectfully submitted,

**DEDMAN & HANDSCHUCH**

By:___s/ Linda M. Dedman___
Linda M. Dedman
State Bar No. 24007098
Elizabeth A. Handschuch
State Bar No. 08903950
Floyd Clardy, Of Counsel
State Bar No. 04268010
790 PREMIER PLACE
5910 North Central Expressway
Dallas, Texas 75206
(214) 361-8885 (telephone)
(214) 363-4902 (facsimile)

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that Russell Joseph Bowman, Counsel for Plaintiff, is a registered ECF user and pursuant to Local Rule 5.1 and Federal Rule of Civil Procedure 5(b)(2)(D) will be served through delivery of the automatically generated ECF notice on August 18, 2008.

s/Linda M. Dedman___
Linda M. Dedman