

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AFS/IBEX FINANCIAL SERVICES, INC. | § § § | |
| vs. | § § § | CIVIL ACTION NO. 3:07cv0924-O<br>ECF |
| GREAT AMERICAN INSURANCE COMPANY | § § § § | |

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

Now that you have heard the evidence, it is my duty to instruct you as to the law that is applicable to this case. I will instruct you on the law that you should apply in answering certain questions of fact, which I will read to you shortly.

The attorneys then will have the opportunity to make their closing arguments. You are instructed that the statements and arguments of counsel are not evidence. They are intended only to assist the jury in understanding the evidence and the contentions of the parties to this suit. After the attorneys make their closing arguments, I will give you some additional instructions, after which you will retire to commence your deliberations.

In arriving at your verdict, it is your duty to follow the rules of law which I give to you and find the facts of this case from the evidence introduced at trial and in accordance with these rules of law.

Throughout these instructions, I will refer to Great American Insurance Company as "Great American".  I will refer to AFS/IBEX Financial Services, Inc. As "AFS/IBEX."

You should not consider or be influenced by the fact that during the trial of this case, counsel have made objections to the testimony, as it is their duty to do so, and it is the duty of the Court to rule on those objections in accordance with the law. Nothing in these instructions or anything said or done by the Court during trial is, or was, made for the purpose of suggesting to you what verdict I think you should find. Remember at all time that you are the sole and exclusive judges of the facts.

You will recall that during the course of this trial, I instructed you that I admitted certain testimony and certain exhibits for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted.

It is the function of the jury to determine the credibility of each witness and to determine the weight to be given the witness's testimony. Consider all of the circumstances under which the witness testified, the interest, if any, the witness has in the outcome of this case, the witness's appearance and demeanor while on the witness stand, the witness's apparent candor and fairness, of lack thereof, the reasonableness or unreasonableness of the witness's testimony, and the extent to which the witness is contradicted or supported by other credible evidence. You will rely on your own good judgment and common sense in considering the evidence and determining the weight to be given it.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe that witness and have considered all the other evidence.

A witness may be discredited, or "impeached," by contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the present testimony of that witness. If you believe that any witness has been impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves. On the other hand, you may conclude that a witness simply made a mistake which should not detract from his or her testimony.

Generally speaking, there are two types of evidence a jury may consider in properly finding the truth as to the facts in this case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances which points to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts from the evidence, both direct and circumstantial.

You are not to consider as evidence any testimony or documents to which the Court sustained objections and ruled inadmissible. While you should consider only the evidence admitted in the case, you are permitted to draw reasonable inferences and deductions from the evidence. The expression "to draw an inference" means to find that a fact exists based upon proof of another fact. An inference may be drawn only if it is reasonable and logical, not if it is speculative. Therefore, in deciding whether to draw an inference, you must consider all the facts in light of reason, common sense and experience. After you have done that, the question whether to draw a particular inference is for you to decide.

Certain exhibits are illustrations, known as demonstrative evidence. They are descriptions, pictures or models which describe something involved in this trial. If you recollection of the evidence differs from the demonstrative evidence, rely on your recollection.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial, attorneys representing the parties in this case questioned these witnesses under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you throughout this trial. This deposition testimony is entitled to the same consideration, and is to be judged by you as to credibility, as if the witnesses had been present and had testified from the witness stand in court.

Do not let bias, prejudice or sympathy play any part in your deliberations. The parties to this litigation must be treated exactly alike insofar as their rights are concerned.

AFS/IBEX has the burden of proof by a preponderance of the evidence unless I instruct you otherwise. Preponderance of the evidence simply means evidence that persuades you that a claim is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of AFS/IBEX's claim by a preponderance of the evidence, you should find for Great American as to that claim.

## STIPULATED FACTS

The Parties have stipulated to the following facts, which you are to accept as true for the purpose of this trial.

(1)     AFS/IBEX provides premium financing in the property and casualty insurance industry.

(2)     Charles McMahon, Sr. ("McMahon Sr.") conducted business as Charlie McMahon Insurance Agency.

(3)     Charles McMahon, Sr.'s son, Charles McMahon, Jr. ("McMahon, Jr.") was an insurance agent from 1996 until he surrendered his license in September or October of 2006.

(4) McMahon Jr. submitted applications for insurance where he signed for purported insureds, but in fact the transactions were fraudulent and not legitimate.

(5) McMahon, Jr. submitted the false applications to cause AFS/IBEX to issue checks for the premium financing.

(6) AFS/IBEX issued checks based on the applications submitted, issuing 127 checks payable to "Charles McMahon Insurance Agency".

(7) As a result of his actions, McMahon Jr. was convicted of two counts of mail fraud in No. 3-07CR0248-D, "*United States of America v. Charles Owen McMahon, Jr.*", filed in the Northern District of Texas, Dallas Division.

(8) Great American is a Property & Casualty insurance company.

(9) Great American is admitted to do business in Texas.

(10) AFS/IBEX has complied with all conditions required of it in the insurance contract.

For purposes of answering the following question, you are instructed that the Court has found as a matter of law that Great American Insurance Company breached its duty to pay under the insurance policies for losses AFS/IBEX incurred because of forged endorsements on checks that it issued to Charles McMahon Insurance Agency.

## QUESTION 1

Do you find the amount of litigation expenses, including attorney's fees, incurred in AFS/IBEX's suit against Chase Bank were a natural, probable, and foreseeable consequence of Great American's failure to comply with its duty to pay under the insurance policy?

Answer "Yes" or "No"

Answer: __Yes__

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror --

1. To preside during your deliberations,

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge,

4. To vote on the questions,

5. To write your answer to the questions in the spaces provided, and

6. To certify to your verdict in the space provided below for the presiding juror's signature.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror, you will inform the marshal at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____
JUDGE UNITED STATES DISTRICT

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
PRESIDING JUROR

_Adam K. Thies_
Printed Name of Presiding Juror