IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-924-O |
| AFS/IBEX FINANCIAL SERVICES, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is AFS/IBEX Financial Services, Inc.'s First Motion for Attorney Fees (Doc. # 125), filed September 22, 2008, Great American Insurance Company's Response (Doc. # 126), and AFS/IBEX's reply in support if its motion (Doc. # 128).

Having reviewed AFS's motion, the Court finds it should be **GRANTED in part**.

I.  Background

This case arises out of a dispute over insurance coverage. Great American Insurance Company ("GAIC") filed suit seeking a declaratory judgment that crime insurance policies issued to AFS/IBEX Financial Services, Inc. ("AFS") do not provide coverage for losses stemming from checks issued by AFS payable to Charles McMahon Insurance Agency. *See* Doc. No. 1 (Plaintiff's Complaint). AFS contended that the insurance policies purchased from GAIC provided coverage, and filed a counterclaim for breach of contract, fraud, misrepresentation, bad faith, and for violations of the Texas Insurance Code and Prompt Payment statute. *See* Doc. No. 17 (Amended Answer & Counterclaim).

AFS submitted a claim to GAIC for $519,110.58 under the forgery coverage of Policy

1

Number SAA 268-75-98-03 ("SAA policy") for loss beginning in or about July 2005 and discovered by AFS in or about June 2006. GAIC denied this claim, finding no coverage under the forgery provision of the SAA policy. On May 23, 3007, GAIC filed this action asking the Court to declare that it has no duty to provide coverage to AFS for its loss. AFS contended that coverage exists under the SAA policy, as well as under the policy in effect prior to the SAA policy, Policy No. CRP 268-75-98-02 ("CRP policy").

On April 28, 2008, GAIC filed its motion for summary judgment, arguing that dismissal is appropriate because there is no coverage for AFS' claim. On June 18, 2008, AFS filed its Motion for Partial Summary Judgment, asking the Court to find in its favor on its breach of contract and prompt payment claims.

On July 21, 2008, this Court granted in part and denied in part the parties' cross-motions for summary judgment finding coverage for defendant/counter-plaintiff AFS/IBEX Financial Services, Inc.'s losses under the forgery-alteration coverage of two crime policies issued by plaintiff/counter-defendant Great American Insurance Company. Doc. No. 95. However, the Court found that issues of fact remained regarding AFS' extra-contractual tort claims, its prompt payment claims, and regarding damages for AFS' breach of contract claim.

The Court held a two-and-a-half day jury trial on the remaining issues August 22, 2008 through August 26, 2008. Prior to submission of the case to the jury, the Court ruled that AFS was not entitled to jury instructions regarding its common law bad faith claim and unfair claims settlement practices claim, noting that under Texas law AFS had to plead and prove injuries separate from its damage caused by breach of the insurance contract. *See Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991). However, the jury found litigation

2

expenses incurred in AFS/IBEX's suit against Chase Bank were a natural, probable, and foreseeable consequence of GAIC's failure to comply with its duty to pay under the insurance policy, entitling AFS to recover these expenses as consequential breach of contract damages. In addition, AFS is entitled to an 18% statutory fee and reasonable attorneys' fees under the Texas Insurance Code Prompt Payment of Claims Act. *See* Tex. Ins. Code Ann. §§ 542.055-542.060 (Vernon 2005).

II.     Entitlement to Attorney's Fees

Ordinarily, attorney's fees are not awarded to a prevailing party absent statutory authority or contractual language. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). However, AFS is entitled to an award of attorneys fees under two separate Texas statutes. Texas Civil Practice and Remedies Code section 38.001(8) provides that a party may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract. Here, GAIC breached its contract to pay AFS' covered claim, and therefore AFS is entitled to attorney's fees pursuant to 38.001. In addition, since GAIC violated the Prompt Payment of Claims Act, AFS is entitled to statutory damages pursuant to Texas Insurance Code Section 542.060 which states that, in addition to an 18% statutory penalty, reasonable attorneys's fees are to be taxed as part of the costs of the case. Accordingly, the Court finds that AFS is entitled to reasonable attorney's fees incurred in litigating its breach of contract and prompt payment claims.

III.    Reasonableness of Attorney's Fees Incurred

**A.     Texas Law Governing Reasonableness of Attorney's fees**

In diversity cases, state law controls both the award of and the reasonableness of

3

attorney's fees awarded where state law supplies the rule of decision. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, to recover attorney's fees, the plaintiff must prove that the attorney's fees were reasonable and necessary for the prosecution of the case. *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997). A plaintiff must ask the fact-finder to award a specific dollar amount, not merely an amount as a percentage of the judgment. *Id.* at 819.

Texas courts, like the Fifth Circuit, generally use the lodestar method for calculating reasonable attorney's fees. *See Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782-83 (Tex.App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *see also Guity v. C.C.I. Enters., Co.,* 54 S.W.3d 526, 528 (Tex.App.—[1st Dist.] 2001, no pet.) (stating that in determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard, and that this standard is substantially same under Texas and federal law); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (applying lodestar method with respect to attorney's fees in connection with federal claims). However, under Texas law, strict reliance on the lodestar method of calculation is not required if the plaintiff can otherwise demonstrate that the fees sought are reasonable. *See e.g., Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240-41 (Tex.App.—San Antonio 2001, pet. denied).

The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See La. Power & Light Co.*, 50 F.3d at 324. In the second step of the lodestar method, a court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *Id.* The Texas Supreme Court has

identified eight factors to be used by the fact-finder to determine the reasonableness of the fees.[1]

*Arthur Anderson & Co.*, 945 S.W.2d at 818. If these factors are accounted for in determining the lodestar amount, they should not be considered when making adjustments. *Guity v. C.C.I. Enterprise, Co.*, 54 S.W.3d 526, 529 (Tex.App.—Houston [1st Dist.] 2001, no pet.).

**B.     Reasonableness of AFS' Attorney and Paralegal Fees**

AFS seeks approval of fees and expenses incurred in this case in the amount of $319,097.04, as well as approval of conditional fees should Great American pursue further action.[2] Specifically, AFS asks the Court to approve $307,545.00 for 878.7 hours of partner-level attorney work, $6,397.50 for 85.3 hours of associate, paralegal, and/or clerk work, $2,145.72 in computerized legal research charges, and $3,009.72 for travel expenses including meals and lodging. In support of these amounts, AFS has submitted the affidavit of Linda Dedman, billing statements, and the resumes of the individuals who worked on this matter. The Court now considers the reasonableness of these fees and expenses under Texas law.

---

[1] These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing their services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Anderson & Co.*, 945 S.W.2d at 818.

[2] AFS seeks approval of the following conditional amounts: $9,000 in the event GAIC filed a motion for new trial or reconsideration, $50,000 if this case is appealed; $10,000 in the event any party seek rehearing before the Fifth Circuit, $25,000 in the event the Fifth Circuit certifies questions to the Texas Supreme Court; $50,000 in the event oral argument is heard before the Fifth Circuit or Texas Supreme Court; and $15,000 in the event any party seeks rehearing before the Texas Supreme Court. AFS has not raised any objection to an award of conditional attorney's fees in general, nor to any of the amounts AFS requests.

1. **Affidavit of Linda Dedman**

As a preliminary matter, the Court addresses GAIC's request that the Court strike the affidavit of Linda Dedman. GAIC argues that Ms. Dedman's affidavit should be stricken because it is conclusory, as it fails to include sufficient facts regarding how counsel segregated its recoverable fees from its non-recoverable fees.

The Court does not find the level of detail in Ms. Dedman's affidavit provides any basis for striking the affidavit. Accordingly, the Court will consider this evidence in ruling on AFS' motion for attorney's fees.

2. **Number of Hours Worked**

AFS seeks to recover for 878.7 hours of attorney work done on this case. GAIC argues that AFS cannot recover for all of these hours. Specifically, GAIC argues AFS has failed to properly segregate its fees, and seeks to recover fees for work incurred on claims for which AFS did not prevail. In support of this request, GAIC notes that AFS seeks to recover for: 120.1 hours preparing for or taking depositions of insurance company employees in an effort to prove bad faith; 39.8 hours for working on discovery relating to extra-contractual claims for which AFS did not recover; 91.0 hours for working with bad faith expert Rebecca Furr; 50.6 hours spent consulting with attorneys in other cases; and 402.1 hours spent on pretrial and trial matters of which 90% related to bad faith claims. GAIC also notes that AFS used block billing and that numerous pleadings on the record relate to the extra-contractual claims for which AFS did not recover.[3]

---

[3] GAIC also argues that it was difficult to determine what claims were worked on because AFS submitted redacted billings statements. However, AFS provided the Court with unredacted statements for *in camera* review.

AFS replies that it seeks to recover for work that advanced its breach of contract and statutory prompt payment claims, and that it is immaterial that some of this work also advanced AFS' bad faith claims. AFS notes that while the major facts of this case were not disputed, GAIC failed to stipulate to basic facts relevant to AFS' contract claim, forcing AFS to prove them at trial. AFS also notes that the insurance company employees' depositions and expert Rebecca Furr's testimony related to AFS' claim under the Texas Prompt Payment of Claims Act for which AFS recovered.

Texas law provides that a party can only recover attorney's fees for claims upon which it prevails. *Tony Gulo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). If attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from recoverable fees. *Id.* at 313. Intertwined facts do not make unrecoverable fees recoverable per se; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *Id.*

With this legal framework in mind, the Court addresses GAIC's specific objections and determines the reasonable number of hours worked in connection with AFS' successful claims.

### a. Depositions of Insurance Company Employees

GAIC claims that AFS cannot recover for work relating to the depositions of Stan Gover, Don Lipper, Richard Searcy, and William Marston because their testimony only relates to AFS' claims for fraud, misrepresentation, breach of the duty of good faith and fair dealing, and for unfair claims settlement practices. The Court agrees with GAIC with respect to the testimony of Marston, Lipper, and Gover, but does not find Searcy's testimony so limited. Mr. Searcy was the claims adjuster who denied AFS' claim. While some of his testimony related to claims for

7

which AFS did not recover, he also testified regarding facts relating to AFS' breach of contract and prompt payment claims.

In reviewing AFS' unredacted billing statements, in order to remove hours for work regarding Gover, Lipper, and Marston's depositions, the Court discovered that AFS did not identify the time spent on individual daily tasks, instead providing one daily total for the time spent on the case per day. While AFS provided descriptions of each task performed, its block billing made it impossible for the Court to determine the amount of time AFS attorneys spent on a particular task if the billing attorney did more than one task that day. The Fifth Circuit has acknowledged that "block billing" or "lumped" time entries can make it difficult to evaluate the reasonableness of a bill, although block billing does not preclude an award per se. *Hollowell v. Orleans Regional Hosp.*, 217 F.3d 379, 392-93 (5th Cir. 2000).

The Court finds it appropriate, with respect to the specific entries identified by GAIC, to discount AFS' time where a billing entries demonstrates that work was performed relating to Marston, Lipper, and Gover. Where multiple tasks have been completed, only one of which relates to Marston, Lipper, and/or Gover, the Court discounts all tasks within the block billing entry. While this results in time spent on other tasks being discounted, the Court finds such treatment appropriate, and notes that it is AFS' burden to prove the reasonableness of the fees it incurred.

Accordingly, of the 120.1 hours of deposition-related work identified by GAIC, the Court finds AFS has demonstrated it reasonably worked 46.3 of these hours in connection with the claims on which it prevailed. The Court disregards entire daily entries where the billing description demonstrates work was completed relating to Marston, Lipper, and Gover, and also

disregards entries that are too vague for the Court to determine what witness the work was in connection with, such as an entry on 1/17/08 for "review documents for deposition." Accordingly, the Court finds that AFS is not entitled to recover for 73.8 hours of work because billing entries demonstrate that at least some of the work that day related to the testimony of Marston, Gover, and Lipper for which AFS cannot recover.

      b.      **Written Discovery**

GAIC argues AFS should not be allowed to recover for time spent working on written discovery, as much of the discovery related to claims for which AFS did not recover. The Court disagrees. The Court finds that AFS' preparation of written discovery in this case, containing requests directed at claims upon which AFS prevailed, as well as claims for which it did not, sufficiently advanced all of AFS' claims such that the work was so intertwined that it need not be segregated. Accordingly, the Court will not reduce the 39.8 hours AFS spent working on written discovery.

      c.      **Bad Faith Expert**

GAIC argues that AFS is not entitled to recover for 91 hours spent working with AFS' expert, Rebecca Furr. Ms. Furr testified at trial regarding standards and policies for claims adjusters, and how a reasonable claims adjuster would act when processing a claim like AFS'. This testimony was relevant to bad faith claims for which AFS did not prevail, but was also relevant to AFS' prompt payment claim. The Texas Prompt Payment of Claims Act provides that an insurer shall acknowledge receipt of a claim, commence any investigation the claim, and request from the claimant all items, statements, and forms that the insurer reasonably believes will be required from the claimant not later than 15 days after the date the insurer receives notice

of a claim. Tex. Ins. Code Ann. § 542.055 (Vernon 2005). Ms. Furr offered testimony about what items would reasonably be required from a claimant such as AFS.

While Ms. Furr's testimony was relevant to multiple claims, the Court finds that a reduction in the number of hours for work with Ms. Furr is appropriate given that a portion of Ms. Furr's trial testimony was relevant only to AFS' bad faith claims. Accordingly, the Court finds that a 30% reduction in the number of hours spent dealing with Ms. Furr is appropriate. Accordingly, the Court approves 63.7 hours of work relating to this witness, but will not count 27.3 of these hours.

### d. Motion to Compel

GAIC argues that the 57.4 hours of time spent working on AFS' motion to compel cannot be recovered because the Court denied AFS' motion to compel and because it related to AFS' bad faith claims. The Court agrees and will not consider 40.7 hours where billing entries demonstrate that time worked on these days was spent in furtherance of AFS' unsuccessful motion to compel.[4]

### e. Time spent conferring with other lawyers

GAIC argues that AFS is not entitled to recover for time spent consulting with attorneys representing AFS in its suit against the McMahons, accounting for 50.6 hours of work. The Court has reviewed AFS' unredacted billings statements and finds that AFS is entitled to recover for 13.8 of the hours identified by GAIC. The billing descriptions for 13.8 hours demonstrate that AFS' counsel corresponded with other attorneys in order to facility the exchange of

---

[4] The Court found a few entries, totaling 13.3 hours, identified by GAIC related to discovery more generally. In addition. 2.10 hours of time worked on 4/20/08 and 1.3 hours of time worked on 5/2/08 have already been discounted because these entries identify tasks relating to Marston, Lipper, and Gover.

information relevant to AFS' breach of contract claim. However, the billing descriptions for the remaining 36.8 hours of work do not demonstrate that the communication was relevant to AFS' beach of contract or prompt payment claims.

### f. Pretrial and Trial Matters

GAIC argues that AFS is not entitled to recover 361.9 of the 402.1 hours AFS spent preparing for and participating in trial, as 90% of this time was spent on claims for which AFS did not recover. GAIC contends that AFS' breach of contract claim was basically resolved when the Court granted summary judgment, finding coverage for AFS' claim, on July 21, 2008.

In reply, AFS points to facts it was required to prove at trial, including that by failing to pay the claim, GAIC proximately caused AFS to incur attorney's fees in its suit against the McMahons. In addition, AFS noted that while the Court determined coverage on summary judgment, AFS proved GAIC violated the prompt payment act earlier than May 23, 2007, entitling AFS to increase its recovery.

The Court has reviewed AFS' legal bills and does not find that AFS is entitled to recover for all of the 399.8 attorney hours identified by GAIC as relating to trial.[5] The Court finds that not all of these hours were spent advancing AFS' successful claims, and that it is appropriate to reduce the hours AFS worked in preparing for and participating in trial. The Court disagrees with GAIC's assertion that 90% of AFS' time spent preparing for trial was related to AFS' unsuccessful claims. However, the Court finds that approximately 35% of the trial testimony regarded AFS' unsuccessful claims, and that a 35% reduction of the 399.8 hours spent on pretrial and trial matters is appropriate. Accordingly, the Court finds AFS may not recover for an

---

[5] The Court notes that GAIC included 2.3 hours of paralegal work in its calculation of 402.1 hours worked in preparation for trial. The Court will handle paralegal hours separately.

additional 139.93 hours, representing work on matters in connection with claims for which AFS did not prevail.

The Court also finds that the amount involved and the results obtained in this case demonstrate that a reduction of hours spent on trial is warranted. The amount of the insurance claim, after AFS' deductible, is $469,110.58. AFS' entitlement to this amount was undisputed after the Court's summary judgment ruling on July 21, 2008. At trial, AFS proved it was entitled to consequential damages in the amount of $102,607.83, and by showing an earlier insurance code violation, increased its 18% statutory penalty under the Prompt Payment of Claims Act by approximately $60,000. However, AFS' counsel worked approximately 282 hours after resolution of the coverage issue on July 31, 2008. At AFS' requested rate of $350 per hour, this would mean that AFS incurred fees of $98,730.00 to obtain an award of $162,607.83. The Court finds it unlikely that AFS would have pursued trial without the additional opportunity of recovering on its bad faith claims given such fees. The Court finds this supports the 35% reduction of hours spent on pretrial and trial matters.

### g. Paralegal fees

AFS requests approval of 85.3 hours of associate, paralegal, and/or clerk work. GAIC objects, and argues that review of AFS' bills demonstrates that much of the paralegal work done was mere clerical work for which AFS cannot recover.

Under Texas law, compensation for a paralegal or legal assistant's work may be included in the award of attorney's fees if the paralegal or assistant performed work that is traditionally done by an attorney. *Gill Sav. Ass'n v. Int'l Supply Co.*, 759 S.W.2d 697, 702 (Tex.App.—Dallas 1988, writ denied). To recover such amounts, evidence must be presented

on the following: (1) the legal assistant is qualified through education, training, or work experience to perform substantive legal work; (2) substantive legal work was performed under the direction and supervision of an attorney; (3) the nature of the legal work performed; (4) the hourly rate being charged for the legal assistant; and (5) the number of hours expended by the legal assistant. *Id.*

The Court finds that AFS has met its burden of showing its paralegal fees are recoverable in this case. AFS has provided billing records demonstrating that the assistants performed research and performed other tasks expected of lawyers, and were supervised by Ms. Dedman. Billing entries discuss legal research and meeting with Ms. Dedman regarding strategy. These bills also provide the rate charged for and hours expended by paralegals. Furthermore, AFS has submitted resumes indicating that the individuals performing these tasks had sufficient education to perform substantive legal work. Additionally, review of AFS' bills demonstrates that paralegal work was directed at the contract or prompt payment claim or was generally applicable to the suit.

Accordingly, the Court approves 85.3 hours of paralegal work on this case.

h.  **Number of Reasonable Hours Worked**

Based on the foregoing analysis, the Court finds that AFS attorneys reasonably worked 560.17 hours and paralegals reasonably worked 85.3 hours in connection with AFS' breach of contract and prompt payment claims. The Court now considers the appropriate hourly rate.

3.  **Hourly Rate**

   a.     **Rate for Attorney Work**

AFS requests $350 per hour for the attorney work performed for AFS. In support of this request, Ms. Dedman avers that the customary fee for policy holder services for an attorney with the necessary level of experience, training, and skill in the Dallas area ranges from $300.00 to $600.00 an hour.

GAIC responds that AFS' attorney only charged AFS $150.00 per hour for its services, although AFS also gave its attorney's a 15 % contingency fee in the outcome of the case. GAIC notes that its own attorney, Russell Bowman, has represented insurance carriers in over thirty trials and avers that $150 per hour is a reasonable rate for a breach of contract action. GAIC also notes that $350 is unreasonable considering that this was Ms. Dedman's first trial, and that AFS' attorneys were unprepared at trial.

The Court finds that an hourly rate of $250.00 per hour is a reasonable rate for AFS' lawyers' services in this action. *See Heliflight, Inc. v. Bell/Augusta Aerospace Co. LLC,* 2007 WL 4373259 at *6 (N.D. Tex. Dec. 12, 2007) (finding $135-230 per hour for attorneys with three to twenty years is appropriate, and finding $400-$450 for an attorney with fifteen years of experience too high). The Court finds this takes into account the novelty and difficulty of the questions involved. This case involved a breach of a specialized crime insurance policy, warranting hiring counsel with insurance experience, but the case did not turn on novel legal principles or technology warranting the requested $350 per hour fee.

The Court finds that while Mr. Bowman was able to charge his client $150.00 per hour, Mr. Bowman represents insurance companies who frequently employ the same attorney. In

contrast, it is unusual for attorneys of policy holders to represent a particular client in multiple coverage matters. The Court also notes that Mr. Bowman is likely guaranteed his full fee, while AFS' counsel agreed to receive part of their compensation contingent on the outcome of this litigation.

The Court also disagrees with Mr. Bowman's assertions that AFS has billed for "duplicate" work because AFS utilized both Ms. Dedman and Mr. Clardy at court proceedings. Given Mr. Clardy's knowledge of criminal matters and trial experience, and Ms. Dedman's insurance background, the Court finds it reasonable for both attorneys to be present during trial and does not find there is "duplicate" work requiring further reduction.

### b. Rate for Paralegal Work

AFS requests $75 per hour for the paralegal work performed for AFS. Ms. Dedman avers that the customary fees for paralegal services in the Dallas area legal community for the same or similar services performed for this type of insurance coverage dispute range from $85 to $125 per hour. GAIC has not stated an objection to this amount, and the Court finds $75 per hour for paralegal work is reasonable.

### c. Anderson Factors

Having considered the factors set out in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997) while determining reasonable hours worked and reasonable rates, the Court does not find it necessary to make further adjustments.

### 4. Computerized Legal Research Charges and Travel Expenses

AFS seeks to recover $2,145.72 in computerized legal research charges and $3,009.72 for travel expenses including meals and lodging. GAIC argues that computer research fees and

travel expenses are not recoverable under Texas law.

Under Texas law, general litigation expenses such as travel expenses are not recoverable as attorneys' fees unless specified in a statute. *See Int. Paper Co. v. Frame,* 2003 WL 21195497 at *6-7 (5th Cir. 2003). The Court has found no statute or case demonstrating that travel expenses or electronic research charges are recoverable as attorney's fees. *See Shenandoah Assocs. v. J&K Properties, Inc.*, 741 S.W.2d 470, 487 (Tex.App.—Dallas 1987, writ denied) (travel expenses not recoverable as attorney's fees); *American Hallmark Ins. Co. of Texas v. Lyde*, 2000 WL 1702597 at *11 (Tex.App.—Dallas 2000, review denied) (reversing legal research fee component of attorney's fee award).

The Court finds that AFS is not entitled to recover its electronic research or travel expenses under Texas law. While a number of courts have found the cost of reasonable computerized legal research recoverable as attorney's fees,[6] the Court has not identified any Texas court awarding electronic research or travel expenses as reasonable attorney's fees. Accordingly, the Court does not find AFS is entitled to recover these expenses.

**5. Conditional Fees**

AFS asks the Court to award conditional fees depending on whether further proceedings become necessary. GAIC has not raised an objection to this request.

It is well-established precedent that a party entitled to recover attorney's fees and costs at trial is also entitled to recover them for successfully defending the case on appeal. *DP Solutions,*

---

[6] *See United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2nd Cir 1996); *Haroco, Inc. v. American Nat'l Bank and Trust Co. Of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994); *Johnson v. University College of the Univ of Ala. in Birmingham*, 706 F.2d 1205, 1209 (11th Cir. 1983); *Camargo v. Grammel Crow Interest Co.*, 318 F.Supp.2d 448, 451 (E.D. Tex. 2004) (citations omitted); *Webb v. Abbruzzese*, No. 4:02-CV-5, 2003 WL 21771017 at *3-4 (E.D. Tex. Aug. 1, 2003).

16

*Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003) (finding that plaintiff was entitled to attorney's fees relating to its defense of the district court judgment on appeal) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 165-66 (Tex. App.—El Paso 1991, no writ). However, a district court's refusal to award appellate attorney's fees before an appeal has even been taken is not error. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003). Thus, because GAIC has not filed any additional motions or an appeal, the Court declines to conditionally award fees in advance of work performed.

IV. Conclusion

Based on the foregoing analysis, including consideration of the factors identified by the Texas Supreme Court in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997), the Court finds that AFS is entitled recover reasonable attorney's fees including 560.17 hours of attorney work at a rate of $250.00 per hour, or $140,042.50 and 85.3 hours of paralegal work at a rate of $75.00 per hour, or $6,397.50. Accordingly, AFS is entitled to a total amount of attorney's fees of $146,440.00 incurred in this action.

**SO ORDERED** this **13th** day of **February, 2009.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**